[DO NOT PUBLISH]

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-10580**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-00368-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO CRUZ,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**

_____

**(December 15, 2005)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

**PER CURIAM:**

Appellant Alejandro Cruz appeals his 168-month sentence for possession

with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Cruz argues that the district court's imposition of a 168-month prison sentence was unreasonable, in light of sentencing factors in 18 U.S.C. § 3553(a) and in light of the holding in *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). According to Cruz, post-*Booker*, federal district courts must consider the factors provided in § 3553(a), starting with the minimum sentence permissible, and only adding to the sentence so as to comply with the punitive, protective, and rehabilitative purposes of § 3553(a). Cruz suggests that reasonable people would agree that 140 months is enough incarceration to reflect the seriousness of the crime while also providing Cruz with some education and training.

Under *Booker*, we review a defendant's ultimate sentence for "unreasonableness." 543 U.S. at ___, 125 S. Ct. at 765. Specifically, the United States Supreme Court has directed sentencing courts to consider the following factors in imposing sentences under the advisory Guidelines's scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

2

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established . . . [from the Guidelines]; and (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . .

18 U.S.C. § 3553(a); *Booker*, 125 S. Ct. at 765-66.

We have held that, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, No. 05-11843, ___ F.3d ___ (11th Cir. Sept. 27, 2005). The § 3553(a) factors serve as guides for the district and appellate courts in determining whether a sentence is reasonable. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). However, we have declined to hold sentences within the Guidelines's range *per se* reasonable. *Id.*

In this case, the record reflects that the district court consulted the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). Because we conclude that Cruz's ultimate sentence was reasonable in light of *Booker*, 543 U.S. __, 125 S. Ct. 738, and § 3553, we affirm.

**AFFIRMED**.

3